UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC.; <br> COMART MUSIC; <br> EMI VIRGIN SONGS, INC. d/b/a EMI <br> LONGITUDE MUSIC; EMI <br> BLACKWOOD MUSIC, INC.; <br> SONG A TRON MUSIC; and <br> WARNER-TAMBERLANE <br> PUBLISHING CORP., <br> Plaintiffs, <br> vs. <br> SC ENTERTAINMENT, LLC, d/b/a BLU, <br> and SHAWN CANNON, individually, <br> Defendants. | No. 1:13-cv-01678-RLY-MJD |

**ENTRY ON MOTION FOR DEFAULT JUDGMENT**

Plaintiffs, Broadcast Music, Inc. ("BMI"), Comart Music, EMI Virgin Songs, Inc. d/b/a EMI Longitude Music, EMI Blackwood Music, Inc., Song A Tron Music, and Warner-Tamberlane Publishing Corp., brought suit against SC Entertainment, LLC, d/b/a Blu ("Blu") and Shawn Cannon, the registered agent of Blu with primary responsibility for the operation of it, for intentional copyright infringement. To date, Defendants have failed to answer the complaint or submit any type of response in this case. Plaintiffs now move for an order of default judgment and an award of $15,000 in statutory damages plus attorney's fees. For the reasons set forth below, the motion is **GRANTED**.

1

## I. Background

Plaintiff, BMI, is a "performing rights society" which licenses the right to publicly perform a repertoire of 7.5 million copyrighted musical composition works on behalf of the copyright owners of these works. (Complaint ¶ 3, Filing No. 1, at ECF p. 2). The other Plaintiffs are the copyright owners of the three individual compositions (Last Night a DJ Saved My Life, Show Me Love, and I'll Be Around), which are the subject of this lawsuit from whom BMI has acquired the non-exclusive public performance rights. (*Id.* at ¶¶ 4-9, Filing No. 1, at ECF pp. 2-3). BMI enters into blanket license agreements with music users, such as broadcasters and the owners and operators of concert halls, restaurants, nightclubs and hotels. (Declaration of Renee S. Wolfe, Attorney, Legal of BMI ("Wolfe Dec.") ¶ 3, Filing No. 12-1, at ECF p. 2).

Between June 2011 and June 2013, BMI repeatedly sent letters and made phone calls to Blu about the need to obtain permission for public performances of the copyrighted compositions. (Declaration of Lawrence Stevens, Vice President of Licensing for BMI ("Stevens Dec.") ¶¶ 5-6, Filing No. 12-2, at ECF p. 3). Blu did not enter into a blanket license with BMI. (*Id.* at ¶ 9, Filing No. 12-2, at ECF p. 4). On June 2, 2013, BMI sent Nicole Hillerich to visit Blu and record the music playing. (*Id.* at ¶ 10, Filing No. 12-2, at ECF p. 4). The recording revealed that the DJs at Blu played the three compositions that are the subject of this lawsuit. (*Id.* at ¶ 11, Filing No. 12-2, at ECF p. 4). BMI sent Blu a letter about Ms. Hillerich's investigation, and then brought suit alleging intentional copyright infringement. (*Id.* at ¶ 12, Filing No. 12-2, at ECF p. 4).

Blu and Cannon have not responded to the complaint. The Clerk of Court entered default on January 9, 2014. ([Filing No. 10](#)).

## II. Standard

Once the Clerk enters default under Federal Rule of Civil Procedure 55(a), the court has the power and discretion to enter a default judgment under Federal Rule of Civil Procedure 55(b). *[Stillwater of Crown Point Homeowner's Ass'n, Inc. v. Kovich](#)*, No. 2:09-cv-147-PPS-PRC, 2010 WL 1541188, * 1 (N.D. Ind. Apr. 15, 2010) (citing *[O'Brien v. R.J. O'Brien & Assocs., Inc.](#)*, 988 F.2d 1394, 1398 (7th Cir. 1993)). Default judgment is not entered as a matter of right. *See [Witzlib v. Cohen](#)*, No. 08c0342, 2009 WL 4030485, *1 (E.D. Wis. Nov. 20, 2009). An entry of default judgment "establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint." *[Wehrs v. Wells](#)*, 688 F.3d 886, 892 (7th Cir. 2012) (citing *[United Sates v. Di Mucci](#)*, 879 F.2d 1488, 1497 (7th Cir. 1989).

In determining if default judgment is appropriate, the court should consider such factors as "the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved and whether the grounds for default are clearly established or are in doubt." *[Id.](#)* (citing [10A C. Wright et. al. *Federal Practice and Procedure* § 2685 (3d ed. 1998)](#).

## III. Discussion

Considering the above factors, the court finds an entry of default judgment is appropriate here. However, the well-pled allegations of the complaint relating to the

3

amount of damages suffered ordinarily are not taken as true. *See Wehrs*, 688 F.3d at 892. The plaintiff must prove damages. *Id.*

Plaintiffs seek $15,000 in statutory damages, which amounts to $5,000 per infringement. Pursuant to 17 U.S.C. § 504, the court may award statutory damages "in a sum of not less than $750 or more than $30,000 as the court considers just." Here, BMI states that the estimated license fees between July 2011 and June 2013 would have been $7,447.95. (Stevens Dec. ¶ 16, Filing No. 12-2, at ECF p. 5). The current annual license fee would be approximately $3,861.90. (*Id.*, Filing No. 12-2, at ECF p. 5). Additionally, the cost of the music investigator was $412.55. (Letter to Cannon dated June 19, 2013, Filing No. 12-2, at ECF p. 41). In further support, BMI relies on several cases where an amount of $5,000 per infringement was found to be reasonable. The court agrees that in light of the above actual damages, an award of $15,000 in statutory damages is just.

Additionally, Plaintiffs seek to recover their attorney's fees and expenses. Plaintiffs incurred a flat fee of $4,000 and miscellaneous costs and expenses in the amount of $644.68. The court finds that these fees are reasonable and should be awarded pursuant to 17 U.S.C. § 505 to Plaintiffs.

**IV. Conclusion**

The court finds that Plaintiffs have proven an award of statutory damages in the amount of $15,000 is just, and the Plaintiffs are also entitled to recover their attorney's fees in the amount of $4,644.68. The court therefore **GRANTS** the Motion for Default

4

([Filing No. 11](#)).  Defendants are **ORDERED** to pay the sum of $19,644.68 to Plaintiffs plus interest pursuant to [28 U.S.C. § 1961](#).

**SO ORDERED** this 4th day of April 2014.

                                                                         RICHARD L. YOUNG, CHIEF JUDGE
                                                                         United States District Court
                                                                         Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.